# EXHIBIT B

CRAIG M. PETERS, NO. 184018
JEREMY CLOYD, NO. 239991
JASLEEN SINGH, NO. 315315
ALTAIR LAW LLP
465 California Street, Fifth Floor
San Francisco, CA 94104
Telephone: (415) 988-9828
Facsimile: (415) 988-9815
Email: cpeters@altairlaw.com
         jcloyd@altairlaw.com
         jsingh@altairlaw.com

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
7/3/2025 9:50 AM
By: Priscilla Saldana, DEPUTY

ATTORNEYS FOR PLAINTIFF EVELYN GAMA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| EVELYN GAMA, a minor, by and through her Guardian ad Litem, RAMIRO GAMA, JR.<br><br>Plaintiff,<br><br>v.<br><br>POLARIS INDUSTRIES INC.; PRO ARMOR, a fictitious business name of Polaris Sales Inc.; and DOES 1 to 50,<br><br>Defendants. | CASE NO.　　CIVSB2519335<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff Evelyn Gama, by and through her Guardian ad Litem, RAMIRO GAMA, JR. alleges against all defendants as follows:

## GENERAL ALLEGATIONS

1. This is a products liability lawsuit arising out of the traumatic crushing and partial amputation of Plaintiff Evelyn Gama's left hand due to the defective condition of a 2021 RZR Pro XP.

2. On December 28, 2024, plaintiff Evelyn Gama was operating the RZR in the El Mirage Off-Highway Vehicle Recreation Area in San Bernardino County when it suddenly and unexpectedly tipped onto the driver's side. The vehicle tipped over because of the defective

**COMPLAINT FOR DAMAGES**

condition of the vehicle including poor stability and handling. During the tip-over, Evelyn Gama's left hand got outside the vehicle and the RZR landed on it. Evelyn Gama's left hand was crushed and a portion amputated because the RZR's design did not include adequate side barrier protection such as window nets to keep hands and arms within the vehicle.

3.    Plaintiff Evelyn Gama is an individual minor and resident of Lancaster, California.

4.    Defendant Polaris Industries Inc. is a Delaware corporation doing business in California.

5.    Defendant Pro Armor is a fictitious business name of Polaris Sales, Inc. and operates as an independent business organization with its principal place of business in Corona, California. Defendant Pro Armor has registered a fictitious business statement with the clerk of Riverside County.

6.    The true names or capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 50, are unknown to plaintiff, who therefore sues said defendant by such fictitious names, pursuant to Section 474 of the Code of Civil Procedure. Plaintiff is informed and believes, and thereon alleges that each of said defendants designated by such fictitious names is responsible and legally obligated to plaintiff in contract, in tort, or by statute, for the events and happening herein referred to, and for the damages legally caused to plaintiff. Plaintiff therefore prays leave to amend this complaint to insert the true names and capacities of said defendants when they have been ascertained.

7.    This action is an unlimited civil case because the amount in controversy exceeds $25,000.

8.    This Court is the proper court because the injury to Plaintiff occurred in its jurisdictional area and/or at least one of the defendants resides in its jurisdictional area.

**FIRST CAUSE OF ACTION**

(STRICT PRODUCTS LIABILITY)

(AGAINST DEFENDANTS POLARIS INDUSTRIES INC.; PRO ARMOR; and DOES 1 to 50 and DOES 1 to 50)

9.    Plaintiff repeats and re-alleges each and every paragraph above as if fully set forth herein.

-2-

**COMPLAINT FOR DAMAGES**

10.     Defendants Polaris Industries Inc., Pro Armor, and DOES 1 to 50 designed, manufactured, distributed, and/or sold the RZR vehicle and/or its component parts described above and which were involved in the subject incident.

11.     The RZR and its component parts contained a manufacturing defect when they left the possession of Defendants.

12.     The RZR and its component parts were defectively designed.

13.     The RZR had potential risks that were known or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time of the manufacture, distribution, and sale of the product.

14.     The potential risks present a substantial danger when the RZR is used or misused in an intended or reasonably foreseeable way.

15.     Ordinary consumers would not have recognized the potential risks of the product.

16.     Defendants Polaris Industries Inc., Pro Armor, and DOES 1 to 50 failed to adequately warn or instruct of the potential risks.

17.     Plaintiff was harmed.

18.     The defects in the products, as described above, were substantial factors in causing Plaintiff's harms.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE)

(AGAINST DEFENDANTS POLARIS INDUSTRIES INC., PRO ARMOR, and DOES 1 to 50)

19.     Plaintiff repeats and re-alleges each and every paragraph above as if fully set forth herein.

20.     Defendants Polaris Industries Inc., Pro Armor, and DOES 1 to 50 designed, manufactured, maintained, repaired, distributed, and/or sold the RZR and/or its component parts described above and which were involved in the subject incident.

21.     Defendants Polaris Industries Inc., Pro Armor, and DOES 1 to 50 were negligent in designing, manufacturing, maintaining, repairing, distributing, and/or selling the RZR and/or its component parts.

-3-

**COMPLAINT FOR DAMAGES**

22.     Defendants Polaris Industries Inc., Pro Armor, and DOES 1 to 50 were negligent in failing to adequately warn of the danger created by the above-described defects and to instruct on the safe use of the RZR.

23.     A reasonable person or business entity under the same or similar circumstances as Defendants Polaris Industries Inc., Pro Armor, and DOES 1 to 50 would have warned of the danger or instructed on the safe use of the product.

24.     Plaintiff was harmed.

25.     Defendants' negligence was a substantial factor in causing Plaintiff's harms.

## ALLEGATIONS RELATED TO CLAIM FOR PUNITIVE DAMAGES

### (AGAINST DEFENDANT POLARIS INDUSTRIES INC. ONLY)

26.     Plaintiff repeats and re-alleges each and every paragraph above as if fully set forth herein.

27.     As additional damages against Defendant Polaris Industries Inc., plaintiff alleges Defendant was guilty of malice as defined in California Civil Code 3294 and that Plaintiff should recover, in addition to actual damages, damages to make an example of and to punish Defendant.

28.     Polaris Industries Inc. knew prior to Plaintiff's injuries that the vehicle's stability and lack of side protection created an unreasonable risk of severe injury including crushing injuries like that sustained by Evelyn Gama. RZR vehicles are designed to be operated at high speeds and on uneven terrain, which makes rollovers not only foreseeable but likely to occur. Occupants' upper extremities frequently get outside the vehicle during these events and become entrapped between the vehicle and the ground. This injury mechanism has resulted in hundreds of crushed, broken, and/or amputated upper extremities during rollovers or tip-overs of RZR vehicles because the vehicle design does not include passive occupant protection and instead relies on ineffective warnings for occupants to keep arms and hands inside the vehicle. Polaris Industries Inc. knew warnings were ineffective to prevent this type of injury because Between 2007 and 2021, there have been over 200 similar injuries.

29.     Despite its knowledge, Polaris Industries Inc. falsely represents that its RZR vehicles can be operated at high speeds and through sharp turns without risk of serious bodily injury. Polaris Industries Inc. makes these claims through product marketing, product instructions, and claims

-4-

**COMPLAINT FOR DAMAGES**

about vehicle testing. Polaris Industries Inc. does not, however, conduct objective testing to evaluate either vehicle stability or the effectiveness of the RZR's design to protect occupants during rollovers or tip-overs. Polaris Industries Inc. has refused and continues to refuse to make any design changes to the RZR's design or testing methods to reduce the risk of similar injuries. Instead, it has a policy and practice of blaming the injured party for failing to keep hands and arms in the vehicles despite knowing that occupants repeatedly have had their hands or arms unintentionally crushed.

30.     The above-described conduct is despicable, willful, and in conscious disregard for the rights and safety of others.

31.     The amount of exemplary damages sought is not shown pursuant to California Code of Civil Procedure § 425.10.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, on all causes of action as follows:

1. For general damages according to proof at time of trial;

2. For special damages according to proof at time of trial;

3. For exemplary damages against Polaris Industries Inc. according to proof at time of trial;

4. For costs of suit herein;

5. For prejudgment interest in accordance with Civil Procedure sections 3287, 3288, and 3291;

6. For such further relief as the Court may deem proper.

DATED: June 5, 2025                    ALTAIR LAW LLP


By: _____
     JEREMY CLOYD
     Attorneys for Plaintiff Evelyn Gama

-5-

**COMPLAINT FOR DAMAGES**